IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATTAH-ULLAH SHAH,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5294 |
| | : | |
| **SECRETARY OF HEALTH AND** | : | |
| **HUMAN SERVICES,** | : | |
| Defendant | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                       August   30, 2007

Atta-Ullah Shah brought this *pro se* action against the Secretary of Health and Human Services alleging that the Secretary assessed an "illegal" premium surcharge against him when he requested Medicare Part B group health coverage.  The Secretary argues that the court lacks subject matter jurisdiction and has moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, I will grant the motion in its entirety.

I.     BACKGROUND

Shah declined medical insurance under Medicare Part B when his Disability Social Security and Medicare entitlements were converted to aged entitlements at age 65.  The Social Security Administration (the "SSA") confirmed this decision by letter on July 16, 2002 and advised Shah that his future enrollment would be limited to the next general enrollment periods in January, February, and March of each year with coverage beginning in July.  See Def's Mot. Dismiss Ex. 1.  On October 9, 2002, the defendant notified Shah

of the amount of his monthly payments, which did not include a deduction for medical insurance. In this notice, the defendant advised Shah of his right to appeal within sixty days if he disagreed with the decision.

During the open enrollment period of 2005, the plaintiff submitted proof of group health plan coverage and applied for Medicare Part B. He was enrolled in Part B starting on July 1, 2005. A two year surcharge was added to the premium.[1]

Shah protested the addition of a surcharge and avers that he contacted the SSA office by telephone and visited its office in West Chester, Pennsylvania within the prescribed appeal time. The SSA office gave him forms to review the case. Shah states that he had difficulty getting the required information from the Office of US Personnel Management but that on January 31, 2006, Shah mailed the forms to the SSA office in Reading, Pennsylvania for its review.

Shah has not received a decision from the SSA. On September 5, 2006, he wrote

---

[1] By statute, the government is permitted to charge an increased monthly premium for individuals who enroll in Medicare Part B after the initial enrollment period. 42 U.S.C. § 1395r (b). Congress instituted this surcharge so that individuals who opt into Medicare Part B at a later age, and with higher health costs, will not unfairly obtain this benefit in comparison to those who have paid for Medicare Part B for years. Fields v. Sullivan, 789 F. Supp. 739, 742 (W.D. Va. 1992). The government can waive enrollment period requirements "where the Secretary finds that an individual's enrollment or nonenrollment in the insurance program...is unintentional, inadvertent, or erroneous and is the result of the error, misrepresentation, or inaction of an officer, employee, or agent of the Federal Government, or its instrumentalities, the Secretary may take such action (including the designation for such individual of a special initial or subsequent enrollment period, with a coverage period determined on the basis thereof and with appropriate adjustments of premiums) as may be necessary to correct or eliminate the effects of such error, misrepresentation, or inaction." 42 U.S.C. § 1395p(h).

to Laurie Watkins, Regional Commissioner of the Mid-Atlantic SSA, asked her to look into the matter, and indicated that he would file a petition for review in U.S. District Court if he did not receive a reply. He did not receive a reply from Ms. Watkins. On December 4, 2006, he filed this Complaint. The defendant moved to dismiss for lack of subject matter jurisdiction.

## II.   STANDARD OF REVIEW FOR MOTION TO DISMISS

A defendant can move to dismiss a claim over which a court lacks subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1) and 12 (h)(3). The party asserting jurisdiction bears the burden of showing that the case is properly before the court. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). In ruling on a 12(b)(1) motion, the court may consider affidavits and other evidence outside the pleadings. Federal Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 U.S. Dist. LEXIS 344, at *8 (E.D. Pa. 2000) (citing Berardi v. Swanson Mem'l Lodge, 920 F.2d 198, 200 (3d Cir.1990). The court "must accept as true the allegations contained in the plaintiff's Complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir.1987)).

## III.   DISCUSSION

Shah filed suit under 28 U.S.C. § 1346, which gives district courts original jurisdiction over civil actions against the United States. However, 42 U.S.C. § 405(h) removes that jurisdiction, stating that "[n]o action against the United States, the

Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code [28 USCS § 1331 or 1346], to recover on any claim arising under this title [42 USCS §§ 401 et seq.]." 42 U.S.C. § 405(h).  A plaintiff's right to judicial review is provided by 42 U.S.C. § 405(h), which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia [United States District Court for the District of Columbia]. As part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing....The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.

42 U.S.C. § 405(h).[2]

Shah's suit is premature because the Commissioner has not made a decision on his petition, which he alleges he submitted in January 2006.  Therefore, the court is barred from exercising subject matter jurisdiction by 42 U.S.C. § 405(g).  Pallotta v. Barnhart,

---

[2] Since the defendant has moved to dismiss the case, he has not submitted a certified copy of the administrative record.  Shah has also not submitted a copy of his petition for review with his Complaint.

144 Fed. Appx. 938, 940 (3d Cir. 2005) (citing Califano v. Sanders, 430 U.S. 99, 108 (1977)).  Since it is clear that Section 405(g) is the sole avenue for judicial review of claims arising under the Medicare Act, Shah must wait for a final decision before he files for judicial review.  See Heckler v. Ringer, 466 U.S. 602, 615 (1984).  Therefore, I will grant the Secretary's motion to dismiss.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ATTAH-ULLAH SHAH,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-5294 |
| | : | |
| **SECRETARY OF HEALTH AND** | : | |
| **HUMAN SERVICES,** | : | |
| Defendant | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this   30th   day of August, 2007, upon consideration of the defendant's motion to dismiss (Document #6), and the plaintiff's response thereto (Document #7), it is hereby ORDERED that the motion is GRANTED.

The Clerk of Court is directed to mark this case closed for all purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.